UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TONY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-273-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LAURA CARR, et. al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Tony Taylor is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Proceeding without an attorney, Taylor has filed a Complaint alleging claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1]

The Court conducts a preliminary review of Taylor's Complaint. 28 U.S.C. §§ 1915(e)(2), 1915A. Any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief must be dismissed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). The Court evaluates Taylor's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). For the reasons outlined below, the Court will deny the relief sought.

# I.

On May 2, 2012, while incarcerated at the Federal Correctional Institution in Beckley, West Virginia, ophthalmologist Dr. Muge Ruken Kesen of West Virginia University Healthcare performed surgery on Taylor to repair a detached retina in his right eye. [Record No. 1-2] A follow-up examination on July 12, 2012, indicated that Taylor still suffered from recurrent retinal detachment with proliferative vitreoretinopathy. That day, after certified ophthalmic medical technologist Elizabeth Genco discussed the risks, benefits, and alternatives of vitrectomy surgery, Taylor indicated that he wanted to proceed with the surgical procedure. [Record No. 1-3]

On August 7, 2012, the Bureau of Prisons' ("BOP") Utilization Review Committee approved the request for surgery. [Record No. 1-6] Taylor was transferred to FMC-Lexington on August 21, 2012, so that the surgery could be performed at the University of Kentucky Medical Center ("UKMC"). [Record Nos. 1-8, 1-9] However, on October 2, 2012, an ophthalmologist at UKMC examined Taylor and concluded that further surgery would be futile. Instead, palliative care with two prescriptions for eye drops to be administered was ordered, with a follow-up examination scheduled for six months later. [Record No. 1-10]

On or before January 23, 2013, Taylor filed a Standard Form 95 seeking administrative settlement of his claim that the BOP had unreasonably delayed carrying-out the recommended surgery under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). [Record No. 1-1, p. 2] The BOP rejected his request for settlement on March 14, 2013, noting that UKMC's ophthalmologist had determined that performing the planned vitrectomy surgery would not be beneficial. Taylor was further advised that if he

wished to file suit regarding the matter, he was required to do so within six months. [*Id.*, pp. 3–4]. Taylor did not file suit arising out of the administrative denial.

On March 19, 2013, Taylor began informal and formal grievances regarding the delay in receiving the surgery. His grievances were denied by the warden and the Mid-Atlantic Regional Office because the ophthalmologist at UKMC determined that further surgery would be futile. Taylor appealed that decision. As of November 8, 2013, the BOP's Central Office had failed to issue a timely response to Taylor's appeal, and acknowledged his right to consider that failure a denial. [Record No. 1-12]

On January 8, 2014, Taylor submitted a second Form 95 administrative claim form. He asserted the same medical claim under the FTCA that he had previously asserted on January 23, 2013, which the BOP had denied on March 14, 2013. The BOP rejected his second claim as a duplicate of the first, on January 10, 2014. [Record No. 1-1, pp. 1, 5–8] Thereafter, on July 10, 2014, Taylor filed this action alleging that "the defendants" violated his rights under the Eighth Amendment because they displayed deliberate indifference to his serious medical needs "when they failed to get the plaintiff to a[n] eye specialist for surgery instead of the delay . . . ." [Record No. 1, p. 3] Taylor identifies six individuals as defendants: L. Thompson, M.D.; Angela Carpenter, R.N.; Laura Carr, M.D.; Richard Ramirez, M.D.; R. Rozenfort, M.D.; and Clinical Director Dominic Mclain, M.D. However, Taylor makes no specific allegations against any of the defendants individually, stating only that the "delay of treatment from July, 2012 to Oct[ober], 2012 was a violation of plaintiff's [E]ighth [A]mendment [rights] knowing this was an emergency surgery." [*Id.*, p. 4]

## II.

Taylor's Eighth Amendment claim will be dismissed for failure to state a claim and as barred by the statute of limitations. The Court also finds that if Taylor intended to assert a claim under the FTCA, it will be dismissed for the same reasons.

Taylor claims that "the defendants" were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. [Record No. 1, p. 3] However, his factual allegations are devoid of any reference to the six individuals identified as defendants. To recover against a particular defendant in a *Bivens* action, the plaintiff "must allege that the defendant[] [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373–77 (1976)). The requirement of personal involvement does not mean that the defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is insufficient because *respondeat superior* is not an available theory of liability. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325–26 (1981). Taylor makes no allegation that any of the defendants were personally involved in deciding whether to perform surgery on his right eye. Also, no such role or decision-making authority is suggested by any of the documents he has submitted as exhibits to his Complaint. Thus, Taylor has failed to state an Eighth Amendment claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Additionally, any properly-asserted claim under the Eighth Amendment would be barred by the applicable statute of limitations. Neither 42 U.S.C. § 1983 nor the judicially-

crafted remedy under *Bivens* include a statutory limitations. As a result, federal courts apply the most analogous statute of limitations from the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268–71 (1985). The events at issue occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

In a *Bivens* action, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). A claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury providing the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). On October 2, 2012, the ophthalmic specialist at UKMC determined that surgery would be futile and Taylor was advised of that decision. Thus, Taylor's claim accrued on that date. [Record No. 1-10] As a result, he had until October 2, 2013, to institute a civil action based on that denial.

However, federal law requires prisoners to exhaust their administrative remedies prior to filing suit. 28 U.S.C. § 1997e(a). During that time, the statute of limitations is tolled, provided the aggrieved party acts in a timely and diligent manner. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Cuco v. Fed. Med. Ctr.–Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25–26 (E.D. Ky. 2006) (citing *Miller v. Collins*, 305 F.3d 491, 495–96 (6th Cir. 2002)), *aff'd*, 257 F. App'x 897 (6th Cir. 2007). Under 28 C.F.R. § 542.14(a), inmates have 20 days to file a written Administrative Remedy Request. Here, Taylor did not file an inmate grievance regarding the decision to not perform surgery until March 19, 2013, or nearly five months after the 20-day deadline. Because Taylor did not timely or diligently

pursue his administrative remedies, no equitable tolling is warranted, and the statute of limitations expired on October 2, 2013. *Cf. Cuco*, 2006 WL 1635668, at *26. Thus, the Complaint filed July 10, 2014, is time-barred.

Further, even if Taylor's failure to pursue his administrative remedies is disregarded, his deliberate indifference claim is still time-barred. Under this scenario, the statute of limitations began to run on his constitutional claim on October 2, 2012, when he was advised that the retinal surgery would not be performed. It continued to run for 167 days until March 19, 2013, when Taylor filed his inmate grievance with the warden. The statute of limitations was tolled while he completed the exhaustion process. This occurred at the latest on November 8, 2013, when the BOP conceded that it had not issued a timely response to his Central Office appeal under 28 C.F.R. § 542.18. [Record No. 1-12] The limitations period again began to run on November 9, 2013, at which point Taylor had 198 days remaining (until May 26, 2014) to file suit. Because Taylor did not file suit until July 10, 2014, his *Bivens* claim is time-barred. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The Court also concludes that Taylor's deliberate indifference claim is without merit. A deliberate indifference claim must be predicated upon active malfeasance, not passive negligence. Prison officials act with "deliberate indifference" only when they actually know of a substantial risk to an inmate's health and fail or refuse to respond reasonably to that risk. It is enough for a prisoner to demonstrate that prison officials denied reasonable requests for treatment, notwithstanding the obvious need for medical attention and the resulting undue suffering by the prisoner. *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976). However, if medical care is provided, there is no deliberate indifference so long as such care meets "'minimal standards of adequacy.'" *Holmes v. Sheahan,* 930 F.2d 1196, 1199 (7th Cir. 1991)

(quoting *Benson v. Cady,* 761 F.2d 335, 339 (7th Cir. 1985)). An inmate does not have the right to choose his medical treatment, and the mere fact that he disagrees with the treatment provided does not establish that his medical care was inadequate or that those treating him acted with deliberate indifference to his health. *Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir. 1996). Here, Taylor received ample medical care for his detached retina and expresses disagreement only with the ophthalmologist's medical determination that further surgery would be futile. Therefore, he fails to state a viable claim of deliberate indifference under the Eighth Amendment. *Brooks v. Celeste,* 39 F.3d 125, 128–29 (6th Cir. 1994).

The body of Taylor's Complaint contains no allegation that any of the defendants failed to meet the applicable standard of care in his medical treatment, nor any reference to a claim against the United States under the FTCA. Taylor's Complaint repeatedly refers only to the Eighth Amendment and alleges deliberate indifference to his medical needs. [Record No. 1, pp. 1, 3–4] However, he attached to his Complaint a claim form and the BOP's letters denying his request for administrative settlement of his FTCA claim. [Record No. 1-1] If Taylor intended these actions to assert a claim under the FTCA, his effort fails for two reasons.

First, the Court's obligation to liberally construe a complaint filed by a party proceeding without counsel does not extend so far as to manufacture a claim on behalf of a plaintiff who has made no effort to articulate such a claim. "[W]hile the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged." *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003). The Supreme Court requires that a complaint to set forth claims in a clear and concise manner, containing sufficient factual

matter accepted as true to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). None of the language contained in Taylor's Complaint states (or even suggests) a FTCA claim, and the Court will not infer one on his behalf under such circumstances.

Second, even if Taylor expressly stated a FTCA claim in his Complaint, it too would be time-barred. Before filing suit under the FTCA, a plaintiff must seek administrative settlement of his or her claim by filing a Form 95 with the appropriate agency within two years of the events. 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). If the agency declines to settle the claim, the plaintiff must file suit within six months after receiving a final denial of the claim. 28 U.S.C. § 2401(b); *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331–33 (6th Cir. 2008).

Here, by January 23, 2013, Taylor sought administrative settlement of his claim that the BOP had not performed the recommended surgery. The BOP rejected his request for settlement on March 14, 2013. [Record No. 1-1, pp. 3–4] However, Taylor did not file his Complaint until July 10, 2014, well past the six month limitations period under § 2401(b). Because Taylor did not timely file his FTCA claim, he failed to satisfy the statutory prerequisite for application of the FTCA and his claim falls outside the United States' waiver of sovereign immunity. *Humphrey*, 279 F. App'x at 331–33 ("The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits."). Thus, subject matter jurisdiction is lacking. Accordingly, it is hereby

**ORDERED** as follows:

1. The claims contained in Taylor's Complaint [Record No. 1] are **DISMISSED**, with prejudice.

2. This is a final and appealable order and there is no just cause for delay.

3. A corresponding Judgment will be entered this date.

4. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 2nd day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge