UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TONY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-273-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LAURA CARR, et. al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 2, 2014, the Court entered a Memorandum Opinion and Order dismissing Plaintiff Tony Taylor's Complaint because his claims brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), failed to state a claim for relief and because they were barred by the applicable statute of limitations.  [Record No. 4]  Taylor did not seek reconsideration within the time permitted by Rule 59(e) of the Federal Rules of Civil Procedure nor did he file a notice of appeal within sixty days as required by Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure.[1]  The matter is pending for consideration of Taylor's motion to vacate the judgment pursuant to Rules 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.  [Record No. 6]  Taylor contends that he should have been given an opportunity to amend his Complaint so that it could adequately

---

[1]     Taylor was incarcerated at the Federal Medical Center in Lexington, Kentucky in August 2012 when the events giving rise to his claims occurred, when he filed his Complaint in July 2014, when the Court dismissed his Complaint in December 2014, and when he filed his motion to vacate that judgment in March 2015.  [*See* Record Nos. 1, 4 and 6.]  No document sent to Taylor at this address was returned as undeliverable by the Postal Service and Taylor does not allege failure to receive timely notice of the dismissal of his case.

- 1 -

state a claim for relief.  He also questions whether an affirmative defense such as statute of limitations may be considered on initial screening and asserts that the statute of limitations should have been tolled under KRS 413.190(2).  Having considered Taylor's arguments, his motion will be denied.

Taylor first argues that relief should be granted pursuant to Rule 60(b)(1) as a result of "mistake" by the Court.  *See* FED. R. CIV. P. 60(b)(1).  However, Taylor has not demonstrated that such relief is proper.  In fact, Taylor admits that, in dismissing his case, "the Court's rationale was seemingly correct, based on the Plaintiff's deficient Complaint." [Record No. 6-1, p. 4]  Taylor also seeks relief under the catch-all provision in Rule 60(b)(6), which authorizes courts to grant relief from judgments for "any other reason that justifies relief."  FED. R. CIV. P. 60(b)(6).  Notwithstanding this broad language, relief under this subsection  may only be granted in "exceptional or extraordinary circumstances which are not addressed by" Rule 60(b)(1)–(5). *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quotations omitted); *see also Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).  Accordingly, Rule 60(b)(6) relief is appropriate only in "unusual and extreme situations where principles of equity *mandate* relief."  *Olle*, 910 F.2d at 365.

Taylor does not present such extraordinary circumstances.  Instead, he merely asserts arguments that should have been presented in a timely motion under Rule 59(e) or on direct appeal.  It is well-established that relief under Rule 60(b) is inappropriate when sought as a substitute for appeal or as a means to obtain some measure of appellate review long after the time to file a notice of appeal has expired.  *Ackermann v. United States*, 340 U.S. 193, 197

- 2 -

(1950); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) ("The parties may not use a Rule 60(b) motion as a substitute for appeal or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.") (citations omitted)); *Virgin Records Am., Inc. v. Sparano*, 245 F. App'x 200, 202 n.3 (3d Cir. 2007). Additionally, Taylor has not presented any viable ground for relief.  While he suggests that he could have amended his Complaint to address the omissions identified in the prior opinion, Taylor makes no effort to explain what additional allegations he would have included to cure the deficiencies that caused the dismissal of his claims.

Further, Taylor's argument that the statute of limitations may not be considered on initial screening is contrary to the Supreme Court's opinion in *Jones v. Bock*, 549 U.S. 199, 920–21 (2007).  In *Jones*, the Court concluded that

> [a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

*Id.* at 920–21; *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008).  Because Taylor's claims were statutorily barred they were properly dismissed.  Finally, while KRS 413.190(2) permits tolling against a defendant who acts to mislead or deceive the plaintiff and obstructs him from filing suit, *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 574 (Ky. 2009), that provision does not entitle Taylor to relief.  By January 23, 2013, Taylor had already demanded $2 million in damages from the Bureau of Prisons for an allegedly  excessive

- 3 -

"delay" in receiving surgery.[2] [Record No. 1-1, p. 2]  Further,  he has not provided any evidence of obstruction by the defendants.

Accordingly, it is hereby

**ORDERED** that Plaintiff Tony Taylor's motion to vacate [Record No. 6] is **DENIED**.

This 20th day of April, 2015.



Signed By:

*Danny C. Reeves*

United States District Judge

---

2       Taylor's treating ophthalmologist did not decide to "delay" the eye surgery.  Instead, after an October 2, 2012 examination, he cancelled the surgery outright, concluding that it would be futile to perform it, and began palliative care in lieu of surgical intervention.  [Record No. 1-10]